IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JOHN MICHAEL MILLER, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JEFFREY R. GAHLER, ) <br> LT. CHESTER, ) <br> PAUL COLE, ) <br> DANIEL GALBRAITH, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:25-cv-654-LKG <br><br> Dated: May 13, 2025 |

## MEMORANDUM OPINION

Defendants filed their Court Ordered Status Report together with video recordings of their interactions with Plaintiff John Michael Miller, Jr.. They also provided medical records received from St. Agnes Hospital, which Miller released for their review in an effort to provide independent verification that he has a soy allergy and requires a soy-free diet while he remains incarcerated in the Harford County Detention Center ("HCDC"). ECF No. 17. Defendants also filed a Motion to Seal the Status Report and Exhibits because they contain sensitive health-related information. ECF No. 18. The motion shall be **GRANTED**.

The Court must now consider whether the temporary restraining order must be lifted in light of the evidence presented and, if so, whether the complaint must be dismissed. For the reasons that follow, the temporary restraining order will remain in place, the complaint will not be dismissed, and Miller's Motion for Appointment of Counsel (ECF No. 19) shall be **GRANTED**.

### Background

In the Order issued on April 23, 2025, this Court observed in pertinent part that:

> Absent some objective evidence that Miller has a legitimate, serious medical need for a soy free diet, the failure to provide such a diet to him does not run afoul of the constitution.

> The stalemate that has arisen between the parties cannot be resolved without resolution of the fundamental question regarding the existence of Miller's allergy. Additionally, Miller's safety cannot be jeopardized simply because he has complained about the failure to comply with the restrictions when they were in place. To resolve this baseline issue efficiently, the Court will grant a temporary restraining order in Miller's favor for a period of 14 days which will remain in place unless he continues to refuse to either: (1) provide the name of a medical provider who can verify that he has a soy allergy; or (2) submit to the blood test requested by the providers at HCDC. If Miller provides a means by which his soy allergy can be confirmed, the restraining order will remain in place until the results are obtained. If the results of the inquiry reveal that Miller has a soy allergy, he will remain on a soy-free diet; if the results show he does not have a soy allergy, the restraining order will expire, and this case will be dismissed with prejudice.

ECF No. 16 at 4.

On April 25, 2025, HCDC staff provided Miller with a copy of the Court's Order and Plaintiff identified St. Agnes Hospital as the medical facility that could confirm his soy allergy. ECF No. 17 at 2. Thereafter, Miller signed a release allowing St. Agnes Hospital to provide his healthcare records to HCDC staff and recalled that he went to St. Agnes Hospital emergently several times in 2020. *See* Video at ECF No. 17 "TRO Options Provided."

Defendants have provided the records they obtained. ECF No. 17-1. The records document Miller's hospitalization for symptoms of anaphylaxis on December 29, 2020, when he came to the ER complaining of hives, tongue swelling, and sensation of throat closing, but do not indicate that he told the doctors who were treating him that he had any significant allergies. *Id.* at 19 ("denies any personal history of anaphylaxis or significant allergies . . . and he states there is no familial history of severe allergic reactions"), 20 (allergies: NSAIDS, amlodipine), 22 ("consistent with allergic reaction . . . history of a cause cannot be identified"). Despite the medical care providers at St. Agnes advising Miller that his symptoms should be treated with IV steroids and antihistamines for observation of further progression of allergic symptoms, such as a restricted airway, he left the hospital against medical advice before the cause of his symptoms could be determined due to his concern about losing his job. *Id.* at 23. Miller was prescribed steroids, H1/H2 inhibitors, and an EpiPen, and was advised to return to the ER "as soon as he reconsiders work-up." *Id.* The treating physician also noted, "Further emphasized that he should return immediately for any worsening or concerns, and educated when to use EpiPen and when to call 911." *Id.* Nothing in the records retrieved from St. Agnes mentions a soy allergy.

Because the hospital records neither confirm nor refute Miller's claim that he has a soy allergy, Defendants characterized the evidence as inconclusive and on April 29, 2025, offered Miller the opportunity to submit to a blood test to confirm his soy allergy. ECF No. 17 at 3. When Miller was offered the opportunity, he asked to see the inconclusive medical records but was told he could not have medical records in his cell due to jail policy. ECF No. 17 Video "Blood Draw Refused." When the nurse told Miller there was a difference between having the medical records and reviewing the records, seemingly implying that he could review the records in the medical department, Miller appeared to change his mind about taking the blood test. *Id.* He was escorted to the medical unit but when he got there and asked to see the medical records was told he was only there for purposes of the blood test. *Id.* It was at this point that Miller voiced his final refusal to taking the blood test. *Id.*

Miller contends, in his supplement to his Motion for Appointment of Counsel, that his refusal to submit to a blood test relates to an attempt to obtain his DNA in his criminal case where it is otherwise not obtainable. ECF No. 20 at 1. He asserts that he does not want to put his "blood/DNA in anybody's hand in this jail when medical records exist proving my allergy." *Id.* He explains that when he arrived at HCDC he was told he needed to provide a DNA sample, but he was charged with violating a protective order which he states is a misdemeanor charge. *Id.* He claims that one of the defendants in this suit is a family member of his wife who is the complaining witness against him, and he has told his wife that he is going to leave her and fight for custody of their 19-month-old child. *Id.* He alleges his wife has "recruited her family to act accordingly toward" him. *Id.* While this Court does not doubt the sincerity of Miller's belief in this regard, the Court finds this rationale to be inadequate and illogical given what Miller describes as grave consequences that will befall him if he is not given a soy-free diet.

Miller also alleges that he suffered a COVID-19 related stroke in April 2021 that caused him to suffer memory loss. ECF No. 20 at 3. He states he was treated for the stroke at St. Joseph's Medical Center. *Id.* In Miller's view, his complaint has merit "with or without an allergy" because the Defendants retaliated against him for filing grievances regarding non-compliance with the dietary restrictions. *Id.*

In his Motion for Appointment of Counsel Miller claims that he has not been allowed to see a copy of the records obtained from St. Agnes Hospital, and that he is unable to travel to other medical care providers to obtain medical records that would establish that he has a soy

allergy. ECF No. 19 at 3. He asserts that the "COVID-19 related stroke" he suffered in 2021 "which caused a lot of memory loss as well as cognitive issues which impede his ability to remember names, addresses, and phone numbers, among other pertinent information needed in this case" is reason to appoint counsel to represent him in this case. *Id.* at 2.

## Analysis

**A.    Injunctive Relief**

The evidence before the Court establishes that at some time in the past Miller suffered symptoms of anaphylaxis at St. Agnes Hospital. Miller claims there are records that exist in other locations that conclusively prove he has a soy allergy, but he requires the assistance of counsel to locate those records. ECF No. 19 and 20. Defendants assert that it defies logic that Miller would report to the Emergency Room with anaphylaxis knowing he had an allergy to soy yet kept that information from his treating physician.

The records provided by Defendants concern two separate visits to the Emergency Room of St. Agnes Hospital. The first was on October 29, 2020 for treatment of scrotal pain. ECF No. 17-1 at 2-11. There is no discussion of allergic reactions in the records for the first visit. *Id.* The second visit that occurred on December 29, 2020 was for treatment of anaphylaxis, but Miller did not report any allergies. *Id.* at 12-24. The evidence relied upon comes down to one encounter in an emergency room; evidence that Miller was not permitted to review before deciding whether to submit to a blood test.

The party seeking a preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-23 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 292-93 (4th Cir. 2011). "All four requirements must be satisfied." *Cantley v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) (brackets omitted); *see also Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013) (noting that Fourth Circuit's prior test of balancing the factors is no longer good law in light of *Winter*).

This Court is not satisfied that the evidence submitted has conclusively established that Miller (1) does not have a soy allergy; and (2) has unreasonably refused to cooperate with efforts to test him for such an allergy. To the extent that Miller has additional evidence to present to the

4

Court, or is willing to submit to the blood test after reviewing the records obtained from St. Agnes Hospital, there is still reason to believe he has a meritorious claim and that he may suffer irreparable harm in the absence of preliminary relief. Further, this Court did not anticipate that Miller would be denied the opportunity to review the evidence obtained from the hospital after signing the release. The balance of equities therefore balance in favor of Miller as he is at a clear disadvantage in establishing that he has a legitimate medical condition. Accordingly, the temporary restraining order requiring Miller to remain on a soy free diet will remain in place for the duration of this lawsuit.

**B.    Retaliation**

Plaintiff correctly states that he has raised a claim of retaliation in his complaint. ECF No. 1 at 4-5. He alleges that the decision to remove him from the soy-free diet was retaliation for the grievances he filed complaining about being served food containing soy. To date, there has been no response filed regarding that claim. This Court's initial Order to Show Cause did not constitute service of the complaint; therefore, service of the complaint shall go forward as set forth in the Order which follows.

**C.    Appointment of Counsel**

As noted, Miller has filed a Motion seeking appointment of counsel in this matter to assist in locating evidence to present on his behalf. ECF No. 19. Given the difficulties noted by Miller in his Motion, the Court shall grant the motion.

**IT IS SO ORDERED.**

/s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge