**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JOHN MICHAEL MILLER, JR.,        *

    *Plaintiff*,

                                 *

v.                                 Case No.: 1:25-cv-00654-LKG

                                 *

JEFFREY R. GAHLER, *et al.*,

    *Defendants*.             *

\*       \*       \*       \*       \*       \*       \*

**<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>**

Defendants, Jeffrey R. Gahler ("Sheriff Gahler"), Paul Cole ("Mr. Cole"), Daniel Galbraith ("Warden Galbraith") and Lieutenant Chester ("Officer Chester"), by undersigned counsel file this Memorandum in Support of Motion to Dismiss.

## I.    INTRODUCTION

This action relates to dietary issues complained of by Plaintiff, John Michael Miller, Jr. ("Mr. Miller"), an individual who was housed as a pretrial detainee at the Harford County Detention Center ("HCDC"). Mr. Miller has sued Sheriff Gahler, Mr. Cole, Warden Galbraith, and Officer Chester claiming under 42 U.S.C. § 1983, that his First, Eighth and Fourteenth Amendment Rights have been violated. (Compl. § II.B.) Mr. Miller claims that as a result of his alleged allergy to soy as well as his alleged Jewish faith, he is entitled to a kosher and soy-free diet at the HCDC, and that individuals at the HCDC retaliated against him by discontinuing his soy-free diet after he filed grievances. (Compl. §§ II.; IV.D.) Mr. Miller also requested a temporary injunction

prohibiting the HCDC from serving Mr. Miller soy products, which has since been granted.[1]. (Compl. § VI.)

## I.    STANDARD OF REVIEW

Pursuant to Rule 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  When ruling on a Rule 12(b)(6) motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, (2007). "To survive the motion [to dismiss], a complaint … must contain sufficient facts to state a claim that is 'plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007).

28 U.S.C. § 1915(e)(2)(B), in describing the requirements applicable to actions proceeding *in forma pauperis*, provides that the court "shall dismiss the case at any time" if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune[.]"  "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d)" authorize dismissal.  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

*Pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits" and courts are not required to "conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[1] The request for temporary injunction is moot, as the temporary injunction has already been ordered by this Court. (ECF Doc. 22) The issue is also moot because Mr. Miller is no longer housed at the HCDC as a pretrial detainee subsequent to his conviction by plea for juror intimidation and transfer from the HCDC to Jessup Correctional Institute; thus, none of the defendants can alter Mr. Miller's diet through any action or inaction. (ECF Doc. 25)

2

In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint. *Sec'y of State for Defence v. Trimble Navigation Ltd*., 484 F.3d 700, 705 (4th Cir. 2007); *Phillips v. LCI Int'l Inc*., 190 F.3d 609, 618 (4th Cir. 1999) (stating that "a court may consider [a document outside the complaint] in determining whether to dismiss the complaint" where the document "was integral to and explicitly relied on in the complaint" and there was no authenticity challenge).

## II.    MR. MILLER FAILS TO PLEAD ANY ACTUAL RETALIATORY OR OTHERWISE CONSTITUTIONALLY VIOLATIVE ACTION BY ANY OF THE DEFENDANTS

In order to state a colorable retaliation claim under 42 U.S.C. § 1983, a plaintiff "must allege that (1) [ ]he engaged in protected First Amendment activity, (2) the defendant[ ] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendant['s] conduct." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005).

Mr. Miller has not provided any allegations pertaining to Sheriff Gahler or Warden Galbraith. Similarly, Mr. Miller has provided only scant information relating to Officer Chester ("Lt. Chester ordered medical to test [Mr. Miller for a soy allergy] again, but [Mr. Miller] refused") and Mr. Cole ("The Chaplain has interrogated [Mr. Miller] several times…"). (Compl. § IV. D). The allegations alluding to Officer Chester and Mr. Cole are not retaliatory in nature, nor does their alleged conduct independently violate any constitutional rights of Mr. Miller. Indeed, Mr. Miller's Complaint indicates that it is another individual entirely, "Sgt. Lynch", who is the "supervisor of the kitchen" and thus the person, if any, aside from the HCDC's contractual food provider, based on the pleading who may influence inmates' dietary plans. (Compl. Pp. 11 of 13)

Nothing in Mr. Miller's pleadings indicate that any of the defendants altered his meals or took any retaliatory action against him.

In a suit arising under 42 U.S.C. § 1983, liability attaches only upon a defendant's personal participation in the constitutional violation. See *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); see also *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Further, a supervisory official cannot be held liable for the acts of a subordinate unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).

Mr. Miller does not point to any conduct by the defendants that violated his constitutional rights.  Though he vaguely alleges he was retaliated against for religious and dietary reasons, he fails to specify what conduct by any of the defendants was retaliatory or who engaged in such retaliation.  This failure to plead is fatal to his claim made under 42 U.S.C. § 1983. *Wright* at 850.

III.   **MR. MILLER'S CLAIMS FOR TEMPORARY INJUNCTIVE RELIEF AND FOR ACCOMMODATION UNDER RLUIPA ARE MOOT**

Mr. Miller also asks this Court for injunctive relief, specifically asking the Court to enjoin the defendants from serving him any soy and soy byproducts that would be violative of his alleged religious and health-related dietary restrictions. (Compl. § VI.) Mr. Miller's request for temporary injunctive relief is moot. No decision issued by this Court relative to the claim for injunctive relief would have any practical effect.

A legal question is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." U.S. Const. art. III, § 2, cl. 1; *Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021). That limit applies "throughout the course of

litigation to the moment of final appellate disposition[.]" *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016) (internal quotation marks omitted).

Since the filing of Mr. Miller's Complaint, Mr. Miller has been transferred to Jessup Correctional Institution to serve a sentence of ten (10) years with all but three (3) years suspended stemming from his conviction for juror intimidation. (ECF Doc. 22); *see also* Ex. 1 (Md. Jud. Case Search Entry). Mr. Miller is no longer housed at the HCDC, so an injunction to prevent the defendants (whom are not alleged to prepare or serve his meals, anyway), would have no effect.

Likewise, Mr. Miller has no claim under the RLUIPA, an act which permits prisoners "to seek religious accommodations pursuant to the same standards set forth in RFRA." *Gonzales v. O Centro Espírita Beneficente Uniõ do Vegetal*, 546 U.S. 418, 436 (2006). Since Mr. Miller is no longer an inmate at the HCDC, no HCDC defendant will have authority to provide an accommodation.

## IV.    CONCLUSION

For all of the above reasons, the defendants request that the Court grant the Motion to Dismiss.

Respectfully submitted,

Jefferson L. Blomquist
County Attorney

/s/ *Joseph G. Comeau*
Joseph G. Comeau
Federal Bar No. 20561
Litigation Attorney
jgcomeau@harfordcountymd.gov

/s/ *J. Ethan Clasing*
J. Ethan Clasing
Federal Bar No. 30293
Litigation Attorney
jeclasing@harfordcountymd.gov

Harford County Department of Law
220 S. Main Street, 3rd Floor
Bel Air, MD 21014
410-638-3205 – phone
410-879-7651 – facsimile

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14h day of July 2025 a copy of the foregoing *Memorandum in Support of Motion to Dismiss* was filed electronically and served electronically on all parties entitled to service.

/s/ *Joseph G. Comeau*
Joseph G. Comeau

6