**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

_____

|   |   |
|---|---|
| JOHN MICHAEL MILLER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:25-cv-654-LKG |
| | ) |
| JEFFREY R. GAHLER, et al. | ) |
| | ) |
| Defendants. | ) |
_____ )

## <u>PLAINTIFF'S OPPOSTION TO DEFENDANTS' MOTION TO DISMISS</u>

Plaintiff John Michael Miller, Jr. ("Plaintiff"), by and through his undersigned counsel,

opposes the Motion to Dismiss of Defendants Jeffrey R. Gahler ("Gahler"), Lieutenant Chester

("Chester"), Paul Cole ("Cole"), and Daniel Galbraith ("Galbraith") (collectively, "Defendants"),

ECF #28 (the "Motion"), and requests that the Court deny the Motion as to Plaintiff's claims for

monetary damages.  Alternatively, if the Court finds that Plaintiff's Complaint is insufficiently

pleaded, Plaintiff requests the opportunity to amend the Complaint.[1]

## FACTUAL BACKGROUND

On February 26, 2025, Plaintiff John Michael Miller, Jr. ("Plaintiff"), then *pro se*, filed a

Complaint against the Defendants pursuant to 42 U.S.C. § 1983, alleging violations of his First,

Eighth, and Fourteenth Amendment rights and of the Religious Land Use and Institutionalized

Persons Act ("RLUIPA").  *See generally* Compl. (ECF #1, 1-1).

---

[1] On July 16, 2025, Plaintiff's counsel filed a Consent Motion for Extension of Time (ECF #30) to file an Opposition to Defendants' Motion to Dismiss.  In part, the extension of time was to allow Plaintiff's counsel an opportunity to confer with Plaintiff, who is still in custody.  Undersigned counsel filed a further correspondence on July 24, 2025, seeking expediting consideration of the request for an extension of time.  *See* ECF #31.  Because the Consent Motion was not ruled upon by the time of this filing, Plaintiff's counsel has proceeded with filing this Opposition to ensure that it is timely.  Counsel may seek leave to supplement this Opposition or to file a surreply upon further conferral with Plaintiff.  A legal call between Plaintiff's counsel and Plaintiff is currently scheduled for July 31, 2025.

The Complaint states that Plaintiff practices the Jewish faith, maintains a Kosher diet, and also is afflicted by a soy allergy. *See* Compl. at II.D. At the initiation of this action, Plaintiff was a pretrial detainee at Harford County Detention Center ("HCDC") and had arrived at the facility on or around September 5, 2024. *See id.* at V. The Complaint alleges that Defendants, who are all individuals employed by and working at HCDC, retaliated against Plaintiff by ceasing his soy-free meals after he filed grievances at the facility related to such meals. *See id.* at I.B.-IV.D. In the Complaint, Plaintiff sought an injunction prohibiting HCDC from serving him meals containing soy and monetary damages for the harm Plaintiff suffered after getting sick from consuming numerous meals containing soy while at the facility. *See id.* at VI.

The Complaint alleges each Defendant as having a role at HCDC: Defendant Gahler is the Sheriff; Defendant Chester is the Chief of Security; Defendant Cole is the Chaplain; and Defendant Galbraith is the warden. *See id.* at I.B. The Complaint further states that Plaintiff "was provided a no-soy kosher diet from 9/17/24" but "filed several grievances because of routinely being served soy." *Id.* at II.D; *see also* Compl. at IV.B (noting that Plaintiff filed multiple grievances after being served soy five (5) times). The Complaint further alleges that Defendant Chester retaliated against Miller "for filing those grievances and terminated [his] no-soy diet." Compl. at II.D; *see also* Compl. at IV.D. ("[Plaintiff] was retaliated against by being take[n] off a no-soy diet and now [he is] being fed a soy diet intentionally, which is depriving [him] of food, causing [him] weight loss and mental anguish."). Further still, the Complaint also alleges that his "requests for who is responsible" have gone unanswered and that Defendant Cole "has interrogated [Plaintiff] several times in an attempt to deprive [Plaintiff] of [his] religious rights." *Id.* at IV.D. The Complaint also alleges the Plaintiff vomited after consuming food with soy or soy products. *Id.* at IV.B.

On or around May 14, 2025, this Court ordered that Defendants continue to provide Plaintiff with a soy-free diet for the duration of this litigation and granted Plaintiff's Motion for Appointment of Counsel. *See* ECF #22. Around the time of that Order, Plaintiff was transferred to Jessup Correctional Institution and then subsequently to Eastern Correctional Institution to serve a sentence for a state conviction. ECF #25, 29.

## LEGAL STANDARD

While a motion to dismiss tests the sufficiency of a complaint, "it does not, however, resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (internal quotations and citations omitted). Additionally, "pro se pleadings are 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## ARGUMENT

As a preliminary matter, Plaintiff sought both injunctive and monetary relief in the Complaint. *See* Compl. at VI. Given that previous decisions within the Fourth Circuit have held that a request for injunctive relief is moot upon a prisoner's transfer or release from the particular facility at issue, the Complaint's request for injunctive relief against HCDC is now moot because Plaintiff is no longer at HCDC. *See Oram v. Siakor-Sirleaf*, 2023 WL 8357325, at *1 (D. Md. Nov. 30, 2023); *see also Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Slade v. Hampton Rds Reg'l Jail*, 407 F.3d 243, 248-49 (4th Cir. 2005); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). However, Plaintiff's change of facility does not affect his request for monetary damages in the Complaint, as he is able to maintain viable causes of action even after his departure from HCDC. *See Griffin*, 952 F.2d at 823 (noting the entire case not moot when

3

monetary damages sought, in addition to injunctive and declaratory relief).  As discussed below, Plaintiff has alleged sufficient facts to maintain a §1983 cause of action or, alternatively, should be granted leave to amend the Complaint to make such a showing.

## I.  THE COMPLAINT ALLEGES SUFFICIENT FACTS FOR A CAUSE OF ACTION FOR RETALIATION

As this Court has already acknowledged in its May 14, 2025 Order, Plaintiff "has raised a claim of retaliation in his complaint."  ECF #21 at 5.  Defendants, in the Motion, contend that the Complaint fails to allege specific retaliatory acts by specific Defendants.  *See* ECF #28-1 at 3-4.  However, Defendants' contention is clearly contradicted by the language of the Complaint, which contains a clear statement of alleged retaliatory conduct: "[Plaintiff] was retaliated against by being take[n] off a no-soy diet and now [he is] being fed a soy diet intentionally, which is depriving [him] of food, causing [him] weight loss and mental anguish."  Compl. at IV.D.  The fact that the Complaint does not contain an allegation related to which individual Defendant(s) ultimately decided to discontinue Plaintiff's meals after he filed grievance is not for want of trying.  The Complaint specifically alleges that Plaintiff made "requests for who is responsible" but received no response and that multiple of Plaintiff's grievances somehow disappeared, presumably meaning they were not adjudicated.  Compl. at II.D, VII.E.  Thus, the Complaint identifies key decision-makers and actors at HCDC and a pattern of conduct by the facility administrators that showed a disregard for Plaintiff's dietary issue.  As such, there is a sufficient basis upon which Plaintiff has properly pleaded supervisory liability in the Complaint and should be permitted to pursue discovery.  *See Robinson v. Cty. of Mount Rainier*, 2021 WL 1222900, at *7 (D. Md. Mar. 31, 2021) (explaining supervisory liability "attaches where subordinates engage in conduct posing a pervasive and unreasonable risk of constitutional injury, and a supervisor's response is so inadequate that it shows deliberate indifference or tacit authorization of the

misconduct, such that the individual's actions can be considered a causative factor in the constitutional injuries") (internal quotations and citations omitted).

Plaintiff's issue with receiving soy-based food while at HCDC was recurring, and it escalated when he was taken off a non-soy diet in or around February 2025 after he filed multiple grievances related to the soy-based food he was receiving.  The Complaint and attachments to the Complaint allege multiple interactions with Defendants Chester and Cole regarding the soy issue.  *See* Compl. IV.D, VII.D.4.  In fact, Officer Chester is the reviewer and responding official to two of Plaintiff's attached grievances, *see* ECF #1-1 at 11, 13, and the Complaint alleges that Chester "handles all grievances and is making all [Plaintiff's] valid grievances that have merit disappear" based upon Chester's relationship to Plaintiff's estranged wife.  Compl. at VII.E.4.  These allegations and the supporting documentation provide a sufficient basis for the allegation that Defendants Chester and Cole were involved in the retaliatory decision to take Plaintiff off of a soy-free diet for his meals at HCDC.  As noted above, due to the ongoing nature of the soy issue in Plaintiff's meals, there is also sufficient basis for Sheriff Gahler and Warden Galbraith to be liable as supervisors.

## II.   THE COMPLAINT ALLEGES SUFFICIENT FACTS FOR A § 1983 CLAIM

Defendants' Motion seeks to dismiss only a retaliation claim, but the facts alleged by Plaintiff in the Complaint also support other § 1983 claims.  To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019).  As to the first prong, Plaintiff has alleged violations of the First, Eighth, and Fourteenth Amendments, as well as RLUIPA. *See* Compl. II.B.  As to the second, all Defendants

are named in their official capacities and therefore alleged to have been acting under color of state law.

### A. Violation of First Amendment and RLUIPA

Plaintiff has sufficiently stated a cause of action based on the Free Exercise Clause under the First Amendment and RLUIPA. RLUIPA forbids any "person acting under color of State law" from "impos[ing] a substantial burden on" an incarcerated person's "religious exercise" "unless the [defendant] demonstrates that the imposition of the burden" "is in furtherance of a compelling government interest; and is the least restrictive means of furthering that" interest. 42 U.S.C. §§ 2000cc-1(a), 2000cc-5(4)(A)(iii). Given the recurring issue of soy allegedly in Plaintiff Miller's Kosher meals and associated negative impact upon Plaintiff's health, the soy issue impacted the free exercise of Plaintiff's religious beliefs while he was housed at HCDC.

To state a cause of action under the Free Exercise Clause, an inmate must demonstrate that (1) he holds a sincere religious belief; and (2) a prison practice or policy places a substantial burden on his ability to practice his religion. *Wilcox v. Brown*, 877 F.3d 161, 168 (4th Cir. 2017); *see Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 718 (1981). Here, Plaintiff's sincerity in his Jewish faith is not contested in the Motion to Dismiss. The Complaint also alleges that despite HCDC's medical department specifying a Kosher, no soy diet, Plaintiff repeatedly received food containing soy or soy products. *See* Compl. IV.D. As alleged by the facts in the Complaint, Plaintiff was repeatedly confronted with an untenable choice: (a) reject all or part of the Kosher meals provided to him because they contained soy, thereby receiving fewer calories and nutrients, or (b) become ill from consuming the Kosher meals provided. *See Wilcox*, 877 F.3d at 168 ("Defendants place a substantial burden on a person's religious exercise

6

when they put substantial pressure on an adherent to modify his behavior and to violate his beliefs.") (internal quotations and modifications omitted).

As a prime example of this, in *Pendleton v. Jividen*, 96 F.4th 652, 654 (4th Cir. 2024), an inmate brought First Amendment and RLUIPA claims against his prison facility stemming from the denial of his request for the prison to accommodate his religious dietary restrictions. In *Pendleton*, the plaintiff-inmate's religious beliefs required a vegan diet that "aids in the purification of the mind, body, and reparation of [the] mental/inner self," which included prohibiting foods that the plaintiff-inmate's body could not digest. *Id.* The prison offered the plaintiff-inmate a single "religious special diet" to meet all faiths needs, but the plaintiff-inmate's body could not digest soy-based foods. *Id.* The defendants denied the plaintiff-inmate's grievances for a religious diet accommodation, leading the plaintiff-inmate to file his claims with the court. *See id.* at 654. The *Pendleton* Court found that the lower court erroneously dismissed the plaintiff-inmate's RLUIPA claim because the plaintiff-inmate plausibly alleged that the prison policy had a significant burden on his religious practice. *See id.* at 658. The *Pendleton* Court explained that food is a necessity, rather than an accessory that the inmate relies on the prison for, and it was unacceptable for the defendants to argue that the plaintiff-inmate could supplement his own diet through the prison commissary. *See id.* at 657. The *Pendleton* Court also noted that the plaintiff-inmate need not produce documentation of his alleged soy allergy to survive a motion to dismiss, finding that it was sufficient for him to allege he had problems digesting soy and suffered gastrointestinal distress after switching to the religious special diet. *See id.* In accordance with *Pendleton*, Plaintiff sufficiently pleaded in the Complaint that his issues digesting soy-based foods were substantially burdening his ability to practice his Jewish faith given the food he was provided at HCDC.

### B. Violation of Eighth Amendment

"It is beyond debate that a prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (internal quotations and citations omitted). In the Complaint, Plaintiff sued all Defendants in their official capacities as personnel at HCDC, alleging that, while in custody at HCDC, he became physically ill and lost weight after eating food containing soy and was repeatedly not provided sufficient non-soy kosher food options.

In the Complaint, Plaintiff has sufficiently stated a cause of action for deliberate indifference under the Eighth Amendment stemming from Defendants' inadequate provision of medical care and deliberate indifference towards his soy allergy. For such a cause of action, a plaintiff-inmate must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to the plaintiff-inmate's medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Deliberate indifference to a medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wallace v. Corizon Med. Servs.*, 2013 WL 6815671, at *6 (D. Md. Dec. 18, 2013).

Here, the Complaint alleges the Plaintiff filed multiple grievances that he has endured vomiting, physical distress, and weight loss as a result of consuming soy-based food, despite the fact that Defendants were aware Plaintiff stated having a soy allergy shortly after arrival at HCDC. Further, the subjective portion of deliberate indifference is easily met here as HCDC put Plaintiff on a soy-free diet. *See* Compl. IV.D. A violation of the Eighth Amendment as to

8

medical care need not be limited to the conduct of medical personnel but, rather, includes prison guards "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-5.  Thus, Plaintiff has sufficiently pleaded facts for a cause of action for deliberate indifference under the Eighth Amendment in the Complaint.

### III.    IF THE COURT FINDS THAT THE COMPLAINT DEFICIENT, PLAINTIFF SHOULD BE AFFORDED AN OPPORTUNITY TO AMEND

To the extent that this Court determines that Plaintiff, who filed as a *pro se* plaintiff, has not alleged sufficient facts to state a cause of action in the Complaint, Plaintiff requests that the Court allow Plaintiff Miller an opportunity for leave to amend the Complaint or, at a minimum, dismissal without prejudice.  *See King*, 825 F.3d at 225 (modifying the dismissal of *pro se* § 1983 claims to be without prejudice).

### CONCLUSION

For the reasons stated above, Plaintiff requests that this Court deny the Defendants' Motion to Dismiss as to his claims for monetary damages in the Complaint.

Dated:  July 28, 2025                              Respectfully submitted,

*/s/ Karen D. Williams*
Karen D. Williams (31370)
COZEN O'CONNOR
2001 M Street, NW Suite 500
Washington, DC 20036
Tel: (202) 304-1452
Fax: (202) 540-9682
kwilliams@cozen.com
*Attorney for Plaintiff John Michael Miller, Jr.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on July 28, 2025, a copy of the foregoing was transmitted to all parties of record via the electronic filing system.  The CM/ECF system sent a "Notice of Electronic Filing" to all counsel of record who have entered an appearance in this matter.

*/s/* Karen D. Williams_____
Karen D. Williams, Esq.