**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| JOHN MICHAEL MILLER, JR., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Civil Action No. 25-cv-00654-LKG |
| v. | ) |
|  | ) Dated: March 19, 2026 |
| JEFFREY R. GAHLER, *et al.*, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |
|  | ) |

**MEMORANDUM OPINION**

## I.     INTRODUCTION

In this civil action, the Plaintiff, John Michael Miller, Jr., brings Section 1983 claims, based upon the First, Eight and Fourteenth Amendments, and a Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim against the Defendants, Jeffrey R. Gahler ("Sheriff Gahler"), Paul Cole, Daniel Galbraith ("Warden Galbraith") and Lieutenant Chester (collectively, "the Defendants"), arising from the alleged denial of his request for a soy-free and kosher diet during his incarceration at Harford County Detention Center ("HCDC"). *See generally* ECF No. 1.  The Defendants have moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).  ECF No. 28.  The motion is fully briefed.  ECF Nos. 28 and 32.  No hearing is necessary to resolve the motion.  L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS** the Defendants' motion to dismiss (ECF No. 28) and (2) **DISMISSES** the complaint.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

In this civil action, the Plaintiff brings Section 1983 claims and a RLUIPA claim against the Defendants, arising from the alleged denial of his request for a soy-free and kosher diet

---

[1] The facts recited in this memorandum opinion are taken from the complaint, the Defendants' motion to dismiss and memorandum in support thereof, and the Plaintiff's response in opposition to the Defendants' motion to dismiss.  ECF Nos. 1, 28, 28-1 and 32.

during the Plaintiff's detention at the Harford County Detention Center ("HCDC"). *See generally* ECF No. 1. The Plaintiff initially brought this case without the assistance of counsel. And so, his handwritten complaint is somewhat difficult to discern. But it appears that the Plaintiff asserts the following claims against the Defendants in the complaint: (1) Section 1983-First Amendment retaliation; (2) Section 1983-Eighth Amendment violation; (3) Section 1983-Fourteenth Amendment violation; and (4) RLUIPA violation. *Id.* at 3. As relief, the Plaintiff seeks certain injunctive relief and to recover monetary damages from the Defendants. *Id.* at 5.[2]

<u>The Parties</u>

Plaintiff John Michael Miller, Jr. is a former inmate at HCDC. ECF No. 28 at ¶ 1.

Defendant Jeffrey R. Gahler is the Sheriff at HCDC. ECF Nos. 1 at 2; 32 at 2.

Defendant Lieutenant Chester is the Chief of Security at HCDC. ECF Nos. 1 at 2; 32 at 2.

Defendant Paul Cole is the Chaplain at HCDC. ECF Nos. 1 at 3; No. 32 at 2.

Defendant Daniel Galbraith is the warden at HCDC. ECF Nos. 1 at 3; 32 at 2.

<u>The Plaintiff's Request For A Soy-free Diet</u>

As background, the Plaintiff arrived at HCDC on September 5, 2024. ECF No. 1 at 4. Upon arrival to HCDC, the Plaintiff informed the intake officer that he is Jewish, he maintains a kosher diet as a practice of his faith, and he has a soy allergy. *Id.* at 4–5.

The Plaintiff alleges that his soy allergy was verified by the medical staff at HCDC on September 17, 2024. *Id.* at 4. And so, thereafter, the Plaintiff was to be provided with a soy-free diet. *Id.*

But the Plaintiff alleges that he has had to file at least five grievances with the Harford County Sheriff's Office Inmate Internal Grievance system, because he was "routinely served soy," notwithstanding the approved soy-free restriction on his diet. *Id.*; ECF No. 1-1. The Plaintiff further alleges that the Defendants retaliated against him for filing these grievances, by terminating his soy-free meals. ECF No. 1 at 4–5. And so, the Plaintiff filed this matter on February 26, 2025, seeking to reinstate his soy-free diet and to recover monetary damages from the Defendants. ECF No. 1.

---

[2] The Plaintiff agrees that his request for injunctive relief is moot, because he has been transferred to a different facility. ECF No. 32 at 3.

On April 23, 2025, the Court issued an order that, among other things, provisionally granted the Plaintiff's motion for a preliminary injunction seeking to reinstate his soy-free diet. ECF No. 16. On May 14, 2025, the Court issued a memorandum opinion and order that, among other things, required that the Defendants continue to provide the Plaintiff with a soy-free diet for the duration of this litigation. ECF No. 22. The Plaintiff has since been transferred to the Jessup Correctional Institution, where he is currently serving his sentence. ECF No. 28-1 at 5.

<u>The Plaintiff's Allegations</u>

In the complaint, the Plaintiff alleges that the Defendants discontinued providing him with a soy-free diet at HCDC, after he filed five grievances with Harford County Sheriff's Office Inmate Internal Grievance system raising concerns that his meals were not soy-free. ECF No. 1 at 4–5. In this regard, the Plaintiff alleges that Officer Chester retaliated against him for filing these grievances and that his soy-free diet was terminated by the Defendants as of February 19, 2025. *Id.* at 4.

The Plaintiff also alleges that Officer Chester retaliated against him after he filed the subject grievances, by ordering the Plaintiff to take a medical test to confirm his soy allergy. *Id.* at 5. In this regard, the Plaintiff alleges that he refused to take the medical test, because his soy allergy had previously been verified by HCDC. *Id.* In addition, the Plaintiff alleges that the HCDC Chaplain, Paul Cole, "interrogated [him] several times as an attempt to deprive [him] of his religious rights. *Id.* at 4–5. Lastly, the Plaintiff alleges that Officer Chester "handles all grievances" and "is making all [his] valid grievances that have merit disappear as she is [a] friend or family of my alleged victims and is retaliating against me for my meritorious complaints." *Id.* at 7.

The Plaintiff acknowledges, however, that he is unable to identify the individuals who actually terminated his soy-free diet, because no one "will [] respond to requests for who's responsible" for the termination of his soy-free diet. *Id.* at 4. Nonetheless, the Plaintiff contends that the Defendants' retaliation, by intentionally feeding him a soy diet, is "depriving [him] of food causing weight loss and mental anguish." *Id.* at 5. And so, the Plaintiff further contends that the Defendants' actions have violated his First, Eighth, and Fourteenth Amendment rights, as well as his right under the RLUIPA. *Id.* at 3.

3

As relief, the Plaintiff seeks certain injunctive relief and to recover monetary damages from the Defendants. *Id.* at 5; *see also* ECF No. 32 at 3–4 (the Plaintiff conceding that his claims for injunctive relief are now moot).

## B.    Relevant Procedural Background

The Plaintiff commenced this civil action on February 26, 2025, and he filed an emergency motion for a preliminary injunction on that date. ECF Nos. 1 and 3. On April 23, 2025, the Court provisionally granted the Plaintiff's motion for a preliminary injunction and ordered the Defendants to provide the Plaintiff with a soy-free diet for 14 days. ECF No. 16.

After the Plaintiff requested the appointment of counsel to represent him in this case, the Court appointed pro bono counsel and ordered the Defendants to continue to provide the Plaintiff with a soy-free diet for the duration of the litigation on May 14, 2025. ECF Nos. 19, 22 and 23.

On July 14, 2025, the Defendants filed a motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), and a memorandum in support thereof. ECF Nos. 28 and 28-1. On July 28, 2025, the Plaintiff filed a response in opposition to the Defendants' motion to dismiss. ECF No. 32.

The Defendants' motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III.    LEGAL STANDARDS

### A.    Fed. R. Civ. P. 8(a), 12(b)(6) And 28 U.S.C. § 1915(e)(2)(B)

Under Fed. R. Civ. P. 8(a), a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid

4

of further factual enhancement . . . ."  *Nemet Chevrolet, Ltd.*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

Lastly, title 28, United States Code, Section 1915 applies to proceedings *in forma pauperis*. 28 U.S.C. § 1915. Under Section 1915(e)(2)(B), a court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).

### B.    *Pro Se* Litigants

The Plaintiff drafted and filed the complaint in this matter without the assistance of counsel.  And so, the Court must construe the complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations and citations omitted).  And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### C.    Section 1983

Title 42, United States Code, Section 1983 provides a mechanism for individuals who have had their constitutional rights violated to seek a remedy against individual state actors. *See* 42 U.S.C. § 1983 (providing that if any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a United States citizen of any constitutional right, that person may be liable in a suit for money damages).  To state a claim under Section 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a "person acting under the color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also*

5

*Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019), *as amended* (Jan. 9, 2019).  In addition, claims brought under Section 1983 must allege personal involvement of the defendant.  *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) ("[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights.") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).  A supervisor may also be liable for the actions of subordinate employees under Section 1983, where the subordinates engage in conduct that poses a "pervasive and unreasonable risk" of constitutional injury and a supervisor's response to such conduct is so inadequate that it shows "deliberate indifference or tacit authorization" of the misconduct such that the defendant's actions can be considered a causal factor of the constitutional injuries.  *See Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 206 (4th Cir. 2002); *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001).

### D.    First Amendment Retaliation And RLUIPA Claims

The Fourth Circuit has held that "[t]he First Amendment right of free speech includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005) (quoting *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir.2000)).  A plaintiff alleging a First Amendment retaliation claim must allege that (1) the plaintiff engaged in protected First Amendment activity, (2) the defendants took some action that adversely affected the plaintiff's First Amendment rights, and (3) there was a causal relationship between the plaintiff's protected activity and the defendants' conduct.  *Id.*

Lastly, the Religious Land Use and Institutionalized Persons Act provides, in relevant part, that:

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc–1(a).  The Fourth Circuit has held that "as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory

relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). In addition, a "RLUIPA does not authorize claims for money damages against an official who is sued in her official capacity." *Id.* at 187.

## IV.    ANALYSIS

The Defendants have moved to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), for the following two reasons: (1) the Plaintiff's Section 1983 claims are not plausible, because the Plaintiff fails to plead any retaliatory or unconstitutional action by the Defendants and (2) the Plaintiff's claims for injunctive relief and for an accommodation under the RLUIPA are moot. ECF No. 28-1 at 3–5. And so, the Defendants request that the Court dismiss the complaint. *Id.* at 5.

In his response in opposition to the Defendants' motion to dismiss, the Plaintiff counters that the Court should not dismiss this matter, because: (1) the complaint contains sufficient factual allegations to state a retaliation claim against the Defendants; (2) the complaint contains sufficient factual allegations to state a Section 1983 claim; (3) the complaint states a plausible First Amendment Free Exercise and RLUIPA claim; and (4) the complaint plausibly states a deliberate indifference claim under the Eighth Amendment, stemming from the Defendants' inadequate provision of medical care and deliberate indifference to the Plaintiff's soy allergy. ECF No. 32 at 4–9. And so, the Plaintiff requests that the Court deny the Defendants' motion to dismiss. *Id.* at 9. In the alternative, the Plaintiff request the opportunity to amend the complaint. *Id.*

For the reasons that follow, a careful reading of the complaint makes clear that the Plaintiff fails to allege facts to show that any of the Defendants terminated his soy-free diet or engaged in other conduct that would violate the Plaintiff's constitutional rights. The complaint also makes clear that the Plaintiff does not sufficiently allege facts to support his First Amendment retaliation claim. Lastly, the Plaintiff cannot pursue his RLUIPA claim for monetary damages, when, as is the case here, he sues the Defendants in their official capacities. And so, the Court: (1) GRANTS the Defendants' motion to dismiss (ECF No. 28) and (2) DISMISSES the complaint.

### A.    The Plaintiff Fails To State A Section 1983 Claim

As an initial matter, the complaint makes clear that the Plaintiff's Section 1983 claims in this case are not plausible, because the Plaintiff fails to allege facts to show that any of the

Defendants in this case terminated his soy-free diet.  To state a claim under Section 1983, a plaintiff must allege facts to show, among other things, that the alleged violation of his constitutional rights was committed by a "person acting under the color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019), *as amended* (Jan. 9, 2019).  Given this, claims brought under Section 1983 must allege the personal involvement of the Defendants in this case.  *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) ("[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights.") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).  The Plaintiff may also allege facts to show that a supervisor is liable for the actions of subordinate employees under Section 1983.  *See Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 206 (4th Cir. 2002); *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001).  But to do so, the Plaintiff must allege facts to show that the Defendants' subordinates engaged in conduct that poses a "pervasive and unreasonable risk" of constitutional injury and a supervisor's response to such conduct is so inadequate that it shows "deliberate indifference or tacit authorization" of the misconduct such that the defendant's actions can be considered a causal factor of the constitutional injuries.  *See Randall*, 302 F.3d at 206; *Baynard*, 268 F.3d at 235.

The Plaintiff fails to meet these standards in this case, because he has neither pled facts to show that the Defendants in this case terminated his soy-free diet after he filed grievances, nor to show that supervisory liability under Section 1983 should attach to the Defendants.[3]  In fact, the Plaintiff concedes in his response in opposition to the Defendants' motion to dismiss, that the complaint does not identify which of the Defendants, if any, actually discontinued his soy-free diet.  *See generally* ECF No. 1; ECF No. 32 at 4.

The complaint contains no factual allegations to show that Sheriff Gahler and/or Warden Galbraith took any action with regards to the Plaintiff's diet, or supervised others in doing so, to support a Section 1983 claim.  *See generally* ECF No. 1.  While the Plaintiff does allege that Officer Chester ordered that he take a medical test to confirm his soy allergy and made "all [the Plaintiff's] valid grievances that have merit disappear," and that Chaplain Paul Cole

---

[3] The Plaintiff's appointed counsel did not amend the complaint, and so the complaint is still handwritten. The Court reads the complaint to primarily bring a claim for First Amendment retaliation, but the Plaintiff also states that he brings claims under the Eighth and Fourteenth Amendments as well as RLUIPA.  ECF No. 1 at 3.

"interrogated [him] several times as an attempt to deprive [him] of his religious rights," these factual allegations, taken as true, do not show that any of the Defendants actually terminated the Plaintiff's soy-free diet, or supervised others in doing so with deliberate indifference. *See Randall*, 302 F.3d at 206; *Baynard*, 268 F.3d at 235. The Court also agrees with the Defendants that the Plaintiff's factual allegations are not sufficient to show that the Defendants otherwise violated his constitutional rights under the First, Eighth and/or Fourteenth Amendments.

Given this, the Plaintiff's Section 1983 claims against the Defendants are not plausible. And so, the Court DISMISSES these claims. Fed. R. Civ. P. 12(b)(6).

**B.    The Plaintiff's First Amendment Retaliation Claim Is Not Plausible**

Even if the Plaintiff could show that the Defendants were involved in the decision to terminate his soy-free meals, the Plaintiff's First Amendment retaliation claim remains problematic, because he has not alleged facts to show retaliation by the Defendants. To state a First Amendment retaliation claim, the Plaintiff must allege facts to show that: (1) the Plaintiff engaged in protected First Amendment activity; (2) the Defendants took some action that adversely affected his First Amendment rights; and (3) there was a causal relationship between the Plaintiff's protected activity and the Defendants' conduct. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005).

The Plaintiff cannot satisfy the second element of his First Amendment retaliation claim, because the complaint lacks facts to show that the Defendants took any action that adversely affected the Plaintiff's First Amendment rights. As discussed above, the Plaintiff alleges that Officer Chester ordered that he take a medical test to confirm his soy allergy and that Chaplain Cole "has interrogated [him] multiple times," after the Plaintiff filed his grievances. ECF No. 1 at 4–5. But these facts do not explain how the alleged actions taken by Officer Chester and Mr. Cole adversely impacted the Plaintiff's First Amendment rights.

As also discussed above, the complaint makes clear that the Plaintiff does not allege any specific retaliatory actions taken by Sheriff Gahler and Warden Galbraith. *See generally id.* In fact, the Plaintiff does not allege that any of the Defendants made the decision to change his meals and terminate his soy-free diet. *See generally id.* Given this, the

9

Plaintiff's First Amendment retaliation claim is not plausible. And so, the Court also DISMISSES this claim, because the complaint lacks facts to show retaliation.[4]

### C.    The Plaintiff Cannot Pursue His RLUIPA Claim

As a final matter, the Court also agrees with the Defendants that the Plaintiff can no longer pursue his RLUIPA claim, because this claim is moot. The parties agree that this claim is moot, to the extent that the Plaintiff seeks injunctive relief, because the Plaintiff has been transferred to a different facility. *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); ECF No. 32 at 3 (conceding that the Plaintiff's request for injunctive relief is moot). The Plaintiff argues that his RLUIPA claim seeking to recover monetary damages remains viable, because he is suing the Defendants in their official capacities. ECF No. 32 at 3 and 5–6. But it is well-established that the "RLUIPA does not authorize claims for money damages against an official who is sued in her official capacity." *Rendelman*, 569 F.3d at 187.

Given this, the Plaintiff's RLUIPA claim is moot. And so, the Court also DISMISSES the Plaintiff's RLUIPA claim for the aforementioned reasons.

## V.    CONCLUSION

For the foregoing reasons, the Court:

      (1) **GRANTS** the Defendants' motion to dismiss (ECF No. 28);

      (2) **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[4] While the Plaintiff appears to also assert Section 1983 claims based upon the Eighth and Fourteenth Amendments, the complaint lacks a short and plain statement explaining why he is entitled to relief under these provisions. *See* Fed. R. Civ. P. 8(a). The Plaintiff also does not address his Section 1983-Fourteenth Amendment claim his response in opposition to the Defendants' motion to dismiss. *See generally* ECF No. 32. Lastly, while the Plaintiff request to amend the complaint, he provides no detail about the nature of his proposed amendments, or how those amendments would cure the deficiencies raised in the Defendants' motion to dismiss. *See* Fed. R. Civ. P. 15.